**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Javier RIOS–LUNA, Defendant–Appellant.**

No. 03–41014.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Oct. 7, 2004.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Lee Turner, Assistant U.S. Attorney, Katherine L. Haden, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Hector Anthony Casas, Marjorie A. Meyers, Federal Public Defender, Brent Evan Newton, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM: *

Javier Rios–Luna ("Rios") pleaded guilty to illegal reentry after deportation and was sentenced to 24 months' imprisonment and one year's supervised release. He argues that the district court erred in considering his prior, uncounseled misdemeanor convictions in assessing his criminal history points. Specifically, Rios contends that he had a right to counsel in his January and May 2000 federal misdemeanor cases under *Alabama v. Shelton,* 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002). He acknowledges that this court, in *United States v. Perez–Macias,* 335 F.3d 421, 427–28 (5th Cir.), *cert. denied,* — U.S. —, 124 S.Ct. 495, 157 L.Ed.2d 394 (2003), held that an individual convicted of a federal misdemeanor who receives a probationary sentence, not coupled with a suspended sentence, does not have a right to counsel. Rios urges that *Perez–Macias* misread *Alabama v. Shelton* in determining that a defendant sentenced to "freestanding" probation has no right to counsel. He contends that he had the right to counsel in his prior misdemeanor cases because he was potentially subject to imprisonment if his probation was revoked and because he actually received a term of imprisonment upon revocation of his probation in both cases. Rios argues that his case is distinguishable from *Perez–Macias* because Perez–Macias's probation was never actually revoked.

---

* Pursuant to 5th Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cɪʀ. R. 47.5.4.

Rios's argument is unpersuasive. Nothing in *Perez–Macias* "suggests that the plea and the conviction based on that guilty plea should be retroactively vacated because the defendant violated the terms of his probation and the court found it necessary to revoke the probation." *United States v. Rios–Cruz*, 376 F.3d 303, 305 (5th Cir.2004), *petition for cert. filed*, (Aug. 2, 2004). Rios thus had no Sixth Amendment right to counsel in connection with his prior misdemeanor illegal reentry guilty-plea convictions for which he received a sentence of probation, irrespective of the fact that his probation was later revoked. *See id.; Perez–Macias*, 335 F.3d at 428–29. The district court's judgment is AFFIRMED.